118 N.J. Super. 416 (1972)
288 A.2d 52
LARANCE VALENT AND JOAN VALENT, GUARDIAN AND NATURAL PARENTS OF ANTHONY VALENT, AMY VALENT, AND COLEEN VALENT, PLAINTIFFS,
v.
THE NEW JERSEY STATE BOARD OF EDUCATION, NEW JERSEY STATE DEPARTMENT OF EDUCATION, ET ALS., MORRIS COUNTY SUPERINTENDENT OF SCHOOLS, ET ALS., AND PARSIPPANY-TROY HILLS BOARD OF EDUCATION MEMBERS, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 8, 1972.
Mr. Frank A. Paglianite, attorney for plaintiffs.
*417 Mr. Gordon J. Golum, Deputy Attorney General, for defendants, N.J. State Board of Education, N.J. Department of Education, Carl Marburger, Commissioner of Education, members of the State Board of Education and Leslie V. Rear, Morris County Superintendent of Schools (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. Alten W. Read for defendants Parsippany-Troy Hills Board of Education, George Oldham, Superintendent, John Sheehy, Assistant Superintendent, and individual members of the Parsippany-Troy Hills Board of Education (Messrs. Schenck, Price, Smith & King, attorneys).
STAMLER, J.S.C.
Defendants had moved for a dismissal of the complaint on the grounds that the exhaustion of remedies doctrine applied. The motion was denied. The opinion appears at 114 N.J. Super. 63 (Ch. Div. 1971).
After trial had been concluded on January 25, 1972, decision was reserved.
On February 23, 1972 the Supreme Court of New Jersey entered an order in Preston v. Board of Education, Westfield, (Docket C-272). Preston involved substantially the same issues as did the case at bar. The trial court in Preston had dismissed the complaint for failure of exhaustion of administrative remedies. The Appellate Division reversed and remanded for trial. The Supreme Court granted certification and after oral argument reversed the Appellate Division and affirmed the judgment of the Trial Court.
The action of the Supreme Court overrules what had been decided in Valent.
This court is, of course, obliged to comply with pronouncements of our Supreme Court. See Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961).
Judgment in favor of defendants and against plaintiffs will be entered dismissing the complaint without prejudice to the prompt prosecution of administrative remedies. No costs.